# LIEBMAN, et al. v METROPOLITAN DADE COUNTY, FLORIDA
## Case No. 84-194-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
March 31, 1986

### APPEARANCES OF COUNSEL

**Gerald Forman** and **Martin L. Carlin** for appellants.

**Robert A. Ginsburg,** County Attorney, and **Eileen Ball Mehta,** Assistant County Attorney, for appellee.

Before BARAD, SMITH, SOLOMON, JJ.

### OPINION OF THE COURT

PER CURIAM.

Roy Liebman and other individual owners of condominium units in Arlen House East challenge a resolution of the Dade County Board of County Commissioners approving a zoning variance which allowed the Arlen House East Condominium Association to continue to use common area rooms for religious services. We vacate the County Commis-

sion resolution, not for the reasons urged by appellants, but because, in our view, no variance from applicable zoning regulations was required in the first place.

This dispute arose when some Arlen House residents protested the use by other residents of certain common area rooms for religious services. The condominium association had approved the use of a 29 foot by 21 foot "worship room" as a non-sectarian chapel. This room had been used for several years by Orthodox Jewish residents for services on Friday nights and Saturday mornings. On certain occasions, when additional space was needed, another common area room known as the "billiard room" was used.[1]

Objecting to the use of the "billiard room" for the Orthodox services, a group of residents complained to the County Zoning Department. As a result, an inspector from the County Building and Zoning Department issued a notice of violation[2] citing the association for holding religious services in the apartment complex in violation of zoning regulations governing churches and buildings for public assemblage.

Without questioning whether the zoning regulations applied to the situation at Arlen House, the association sought a special exception from the regulations. The Zoning Appeals Board, and later, the County Commission, treating the association's application as one for non-use variances of lot frontage area requirements, and parking and other requirements, granted the association relief. By this action, the County had become involved in a private dispute which properly was not their concern.

Section 33-18(d) of the Code of Metropolitan Dade County provides that

> no church shall be constructed, operated or permitted upon any site that does not contain a minimum of two and one-half (2-½) acres of land . . . and having a minimum contiguous frontage of at least one hundred fifty (150) feet abutting on a public street right-of-way. Off-street parking facilities shall be provided and maintained within the land area of every church site in conformity with the requirements of sections 33-122 through 33-132.

---

[1] There is evidence in the record that the "worship room" had been abandoned by the Jewish group following its use for a Catholic religious service and that only the "billiard room" was being utilized for the Jewish services.

[2] The notice of violation is not included in the record on appeal. However, reference is made to the notice in the application for public hearing.

184

A "church" is defined in the Code as "[a] legally approved structure, used and approved on a permanent basis, primarily for the public worship of God." Section 33-1(27), Code of Metropolitan Dade County.

Clearly, the common rooms in the Arlen House, used occasionally by its own residents for prayer sessions, should not have been considered as a church for zoning purposes.

The other regulation cited by the building and zoning inspector as having been violated is Section 33-17, Code of Metropolitan Dade County.

Buildings for public assemblage—In districts other than business or industrial.

All building or other structures or any part thereof, intended for public assemblage, wherein provisions are made for twenty-five (25) or more persons to assemble in one room of such structure as an auditorium, church, night club, amusement park structure and similar structures, excluding hotels, motels and apartments, shall be located or placed only in business or industrial districts, as herein provided, and shall comply with the following:

(1) No building for public assemblage shall be located closer than twenty-five (25) feet to any property line which abuts on a public highway or alley, or closer than fifty (50) feet or any property line abutting a lot under different ownership than that on which the structure is to be placed, or closer than seventy-five (75) feet to an existing residential building.

Although the Code does not further define "buildings for public assemblage," the common rooms at Arlen House cannot fit any reasonable definition of such building. Were it otherwise, every common area room (used, for example, for exercise classes, card games or billiards) could not be closer than 75 feet to an existing residential building, and the absurd result would be that *all* such gatherings would be prohibited inside any existing residential structure.

Having concluded that the zoning regulations have no application to the use of the common rooms in Arlen House, we vacate the resolution of the County Commission. Our action is no way speaks to the appellants' rights to seek legal redress against the condominium association for any perceived discrimination.